**SIGNED THIS: May 17, 2006**

_____
**GERALD D. FINES**
**UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                              )
                                    )
SANDRA SUE SCHWARTZ,                )  Bankruptcy Case No. 05-90610
                                    )
              Debtor.               )

OPINION

This matter having come before the Court on a Motion to Dismiss Chapter 13 Bankruptcy Case Because Debtor is not Eligible to be a Chapter 13 Debtor, Objection to Chapter 13 Plan, and Objection to Motion to Dismiss Chapter 13 Bankruptcy Case Because Debtor is not Eligible to be a Chapter 13 Debtor Filed by E.I. Du Pont De Nemours and Company; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Both the Motion to Dismiss and Objection to Chapter 13 Plan are premised on the argument by E.I. Du Pont De Nemours and Company (Du Pont) that the Debtor is not eligible to be a Chapter 13 Debtor for the reason that her noncontingent, liquidated, unsecured debts exceed

the limits proscribed in 11 U.S.C. § 109(e).  In support of its argument, Du Pont directs the Court's attention to its Proof of Claim, filed as Claim No. 7, in the amount of $509,661.89, as prima facie evidence that the Debtor exceeds the Chapter 13 debt limits.  Du Pont asserts that its proof of claim, together with the Declaration of Craig E. Blecher, establishes Debtor's ineligibility under 11 U.S.C. § 109(e).

This matter is controlled by 11 U.S.C. § 109(e), which states:

> (e)    Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 may be a debtor under Chapter 13 of this title.

In this case, the Court finds that Creditor, Du Pont, has failed to establish Debtor's ineligibility in that the Proof of Claim upon which it relies has been filed as a secured claim, and, as such, cannot be added to the Debtor's other unsecured debt in consideration of the limit on unsecured debt set under § 109(e).  Furthermore, the Court finds that, if Du Pont has an unsecured claim, rather than a secured claim, as filed, the evidence submitted by Du Pont does not establish that the debt was noncontingent and liquidated at the time the Debtor filed for Chapter 13 relief. There is nothing in the evidence before the Court to overcome the Debtor's assertion that, at the time she filed for relief under Chapter 13, the debt in question was, in fact, both contingent and unliquidated.  This being the case, the Court must find that the Debtor is, in fact, eligible for Chapter 13 relief; the Motion to Dismiss must be denied; and the Objection to Chapter 13 Plan must be denied on the same grounds.

Given the Chapter 13 Trustee's statements upon the record at hearing, on May 4, 2006, that the Debtor is making payments and that her Chapter 13 Plan is confirmable, the Court finds that the Debtor's Chapter 13 Plan should be confirmed, and that Debtor's counsel should submit a written confirmation order within 14 days of the date of this Opinion.

###